Final case of the morning is case number 24-1800 Glenda Diane Brooks versus Harrisburg Area Community College. Counsel for appellant, whenever you're ready, please proceed. Good morning, your honors. It pleases the court. My name is Chris Fisher. I represent Diane Brooks and I believe I originally asked her for five minutes rebuttal. If I may change that to three, granted the peer pressure got to me. Your honor, this is a matter of an employment case and really the heart of my argument, there's two points that are briefed in this. First and foremost is that the court incorrectly added a new standard to what becomes a filing when a claimant or an employee is reaching out to the charge. Could you take us to the record? Tell me your second point and then after you do that, take me to the specific items in the record that you say add up to a charge. But first, tell me your second point. The second point, your honor, is pretty much right where you're headed, is that when you look at this record as a whole, where the district court said that the record shows that the EEOC did not take any action here, my argument is actually when you look at the as a whole, clearly the EEOC did take action and put their mechanism into motion for Ms. Brooks. When I was looking at the record, we look at the... So we have, I take it the documents you want us to look at are the inquiry form and then the commission interview notes, right? Yes, your honor. So I've got both of them up. Walk me through what we can look at that you say together compose of a charge. Sure, your honor. So first off, if we look at the inquiry form itself, it actually does... It's like appendix 58 to 60, I think. Please confirm, I believe you are. 56, 57. All right. 58, 59 is a copy of the inquiry form as printed, yes. That form itself actually provides all of the elements that would be necessary in filing a charge, namely who the employee is, who the employer is, contact information for both, the type of discrimination that is alleged and that no other state action has been... What strikes me on these pages is approximate deadline for filing a charge and then potential charging party. On appendix 58 and 59, location of potential charging party's employment, potential charging employee. It seems to disclaim that this is a charge, right? I agree, your honor. Okay. So then what can we add to this that turns a potential charge into a charge? Once we look at her phone interview that takes place on January 14th. So that's 56 and 57 in the appendix. Yes. All right. So what in there is enough to cure that or supplement it? So in there, she provides much more detail as to the discrimination in hand. Walks through the process of everything that she's undergone at this employer and advises them that she has previously sought counsel to help her through this matter. And if you also look at the appendix in page 55, where we're also looking at the notes of the investigator who talked with her, you will see that he recognizes that she has sought counsel and that he would reach out to counsel in advance of preparing the charge for her signature. Okay. So we have the listing of counsel at appendix 57 and he says, I'm going to reach out, but there's nothing in here that says, please pursue enforcement, right? But what there is in here. Okay. So you agree with that. So what is it? What is enough? I don't know that there's necessarily anything that quotes her as saying, please pursue this matter or even implies that what we're there is, is he is talking to her about preparing that charge for her to sign, to go forward with enforcement. And it's that point, she advises she has an attorney and that she would like that attorney to become involved. That attorney is me. So if I say me later, you, you specifically asked that it be action that the EEOC take action. Your honor. I do see that that is what the notes say that I asked for it. Actually in that conversation, attorney Brisbane advised that he would prepare the charge and if it was okay with me, or if I preferred, he would share it with me prior to asking Ms. Brooks to sign it. And I agreed that that would be a great way because that is how it's happened. Just to confirm, that's, that's what this entry, what you just described is the last entry on appendix 55 on January 16th, 2020. Yes, your honor. So that's your take on it matches with the notes. Yes. Yes. And the, and so it basically says he would like me to draft the charge. And so that's you telling Brisbane that you want him to draft the charge. I see that's what the notes say. Yes. Okay. Yeah. You can't test the records, the record. Exactly, exactly. But at the end of that conversation, attorney Brisbane is going to draft the charge and he's going to present it for my review prior to having Ms. Brooks sign it. But then I guess in February says the waymen are, if you, if you're counseled, we don't do that. Is that right? Yes. There was, if you look at the record of the EEOC, there was an email that was sent to me on, I believe February 3rd, stating that there's a new policy with the EEOC. That is if employees come in with counsel, that they no longer draft these formal charges. I believe it's format form five, but rather have the attorney drafted for them. Sadly, I never received that email. Well, I should say I didn't receive it at that time. It went into what we have is there was a new spam folder. Why should we add that? You're not contesting that a charge requires, not just here's my name, here's my employer, here's what happened to me. It requires something more, right? So that's not really at issue in this case, correct? Correct. You have not been arguing for that. Correct. And if you've not been arguing for that, then the entire question is on these facts, well, legally, can you add things together? And then even if you can legally add together, was there enough in here to add that to say, hey, we expect you to take action. So you think we can take account of some stuff that happened in mid-January where the momentarily said, we're going to do it and then set aside the stuff that came afterwards that said, no, actually you guys are going to do it. Your honor. So my argument is in line with the act that a charge can be initiated by either an online filing, an online submission, an oral interview, or submission of a right. Okay. So let's imagine a future case. Let's imagine a future case in which a potential discrimination plaintiff and lawyer meet with the EEOC. And they say at one point to say, yeah, we want you guys to file a charge. And then they say, no, let's take that back. No, no, no, no. I guess we're going to file the charge. Is the EEOC bound at that point? Because at one point there was a mention of filing a charge, then the EEOC is bound and the time limits are satisfied. Is that enough? So if I'm understanding you correctly, it would be as if the attorney is there at the meeting with the employee. The attorney is there at the meeting, the employer's at the meeting. At one point, the attorney and the employee say, yeah, you guys file the charge. And then they take it back and say, no, we'll file a charge. Does the EEOC have to go ahead in every single circumstance and file a charge? So in that situation, the employee's counsel is taking it back and saying, no, I will file a charge. At that point, I see they take it out of the hands of the EEOC. So the EEOC does, just because you can identify at one point, it's not like it can't be retracted. The EEOC doesn't have to go ahead when the ball is not in its court. I would say that is true, Your Honor. I would say that an employee and or an employee's counsel could take that ball back. That's just not what happened here. The ball was pushed into the other court, but unfortunately, employee's counsel didn't know it had been pushed into my court due to the email not being received for two years later. Can I just flip on this? Because it seems like who's pushing it back. It's one thing if the employee or the employee's counsel says, forget it, I want to draft it.  But it's another thing maybe if the EEOC says, forget it, you're going to draft it. And if the EEOC is the one putting it back, should we really care if the elements of charge, and you didn't challenge anything in the whole wiki, it appears. But if the elements of the charge have been met at that point, can the EEOC really push it back to someone and say, now it's on you? Do you think that's a problem or do you think that's permissible? You know, Your Honor, I do think you have a valid point in that. At the point in time, as of January 14th, Ms. Brooks met everything that she needed to meet under the act to initiate the process and start the mechanism of the EEOC. Let's take the hypo. Ms. Brooks and her lawyer meet with the EEOC and they say, I'm the plaintiff. Here's my employer. I got discriminated. I'd like to file a charge. And the EEOC employer responds immediately. The EEOC responds immediately. We'll file the charge. And then looks at some policies and says, no, actually, we can't file the charge. Does the fact that the EEOC came back and said, no, we're not going to file it to them in that meeting. Like, sorry, that's enough. Even though your policy is you don't find the charge, they have to go ahead and file the charge. So, Your Honor, what we, what the hypothetical I think is losing here in the actual facts is that the email from Attorney Brislin that was not received by me until two years later said it is a new policy. This was a policy that Ms. Brooks wasn't aware of. This is a policy that I had never been aware of until I received that email two years later. Okay. So your position is not that EEOC can't say no. It's that the way the matter was left was they were going to do it. Yes, Your Honor. And then there's a change of policy. Yes, Your Honor. Okay. And that change of policy, I keep saying, unfortunately, was not received by me until two years later. Whose fault is that? EEOC's fault? No. And I assume it's someone with our IT that we hire out that all of a sudden this new spam filter comes in and just there was a junk email folder and that sat to the left of my Outlook. And that's where everything all of a sudden went. And it wasn't until two years later when I was filing something in one of my folders in the M section that I find this McAfee anti-spam folder that had been, and until this point, I have to alphabetize all of these things. And it shows an unread symbol on it. And that's what gets me into it. And that's the point where I see the email. That's the point that I immediately reach out to Attorney Brislin and say, hey, I just found this. Is this still alive? Because at that point, we're two years past the point where he's saying, hey, you draft this. We're like 700 days. And whenever he says it was but if the charge is filed, we will reopen. That assured me that whatever happened up until that point on January 14th, and even the email on February 3rd, it told or it let her action move forward. Otherwise, I would have expected to receive an email that said we never received that. It's time bark. Forget it. Is the test for what is a charge? I guess from I'm thinking of page 402, a request that the EEOC activate its processes for exploring and in effect, making a complaint against the employer. The process is, as you said, it's a permissive standard where it's reasonably construed to ask the agency to take the necessary steps to investigate the wrong with the employer. It does go beyond just the inquiry where that person may want to just talk it through and maybe find out it's not enough to risk their job or maybe not enough to pursue. But in that interview, enough was said that let that Attorney Brislin with the EEOC say, I will move forward and started that process of moving forward. Maybe you can refresh my recollection. I thought after HoloWiki, the EEOC changed its form to have a box that you can check because I was involved in a case, Hollander, where I think the box was checked. But when you got here, it looks like there's no box on the inquiry form. I guess it was taken off again. At some point in time, the inquiry form had to have been revised again, because by the time we're here, there is no box one or box two. Also, was it true that the EEOC after the January 14 meeting of Mr. Brislin then took this from an internally from a potential charge to a charge? Yes, your internal documents. Yes, your honor. The appendix and the EEOC record does show that. Yes. Okay. I see that my time is up. Thank you. Good morning, your honors. May it please the court. My name is Hannah Schroer on behalf of Harrisburg Area Community College. We're here because this court should affirm the district court's decision to dismiss Ms. Brooks's amended complaint. Before an aggrieved employee can file a civil action in federal court, they have to file a charge within 300 days of their adverse action. And under Federal Express v. Holowicki, a charge is a document or any communication written down that meets the requirements of 29 CFR 1626.8 and 0.6. Am I right in saying that I've now found the EEOC? The Holowicki says whether the filer requested the agency to activate its machinery and remedial processes. Correct, your honor. That was by the time of January 14 meeting of Mr. Brislin after a couple months before the inquiry form had been found. Why was that not a request that they had to activate its processes, especially when two days later, Mr. Fisher thought that Mr. Brislin was going to actually file a formal charge? So the reasonable standard test set forth in Holowicki is an objective test, a real-time analysis of the filing or the submission. So for example, the initial inquiry form in October had to be reviewed and considered as it was filed in October of 2019, not with the hindsight of a subsequent interview. And even considering the interview notes themselves, they don't relate back to Holowicki, or they don't relate back to the October 19 inquiry form. But if you consider those interview notes standing alone, you still consider them as they are written rather than with the, I guess, the benefit of subsequent agency actions. The Supreme Court in Holowicki was pretty clear that. What was it done within 300 days that indicated that the EEOC had activated its processes for determining what to do here? What was done? What was not done within 300 days? Remember, Holowicki says the filer requested the agency to activate its machinery. When did this not request the agency to activate its machinery to explore remedial processes? Well, Your Honor, there's no record that she officially requested agency action until the charge was filed on April 11th, 2023. But it doesn't have to be that particular charge. In other words, if the EEOC on January 15th in its notes is saying no longer is this the potential charging party, but a charging party, what is missing? What's missing is the actual request by the potential charging party, Ms. Brooks, that the agency take action. We're reading at this point, we're kind of presuming that she's asked for some sort of remedial measure here where there's no indication of that in the January notes. It seems like if the notes say, okay, we're going to, the EEOC notes say, okay, we're going to draft the charge. It seems like, you know, isn't it a decent inference that someone asked that they take remedial action before they would say, okay, we're going to draft the charge? I mean, they wouldn't say, oh, you know, we're going to draft the charge and we have no idea what remedial action you've requested. They've taken on, they say, we're going to draft the charge. And, you know, it seems maybe that was, maybe that suggests that somewhere there could be an inference that there was a request for remedial action. We don't have an explicit, you know, piece of data on that, but, you know, I mean, not every interview with the EEOC is, I think, fully transcribed. Maybe I'm wrong, but I don't think they are. So sooner or later, we just have to piece things together. And so why isn't it a reasonable inference that after the, after a conversation with, I think, an attorney at that point in time, it wasn't, it was only her, they write in the notes, yeah, we'll file the charge. Great. So looking at the notes, this was an interview. I've been under the impression that this is an interview with Ms. Brooks and she's giving more details. She mentions that she has representation at that time, but there's no indication from the notes themselves of what next steps should be taken, what she wants to have happen here. And in light of the EEOC's kind of dual purpose role of informing people and enforcing people's rights, we have to, you know, abide by this requirement that in the pre-charge stage, we don't accidentally want employees who are still employed with a company to accidentally kickstart an agency investigation and a charge. So that's why I would say that there's no inference in that situation. In our Hollander case from 2008, the EEOC did not think that the submission was a charge. And I'm just going to read to you a part of the opinion. Regardless, we have no doubt that the EEOC should have construed the submission as a charge. We will not fault Hollander for failing to include a specific request for a remedy. There's no need to require that counsel submissions to the EEOC contain some magic combination of words, explicitly seeking agency action. A charge submitted by counsel or not may imply such a request. How is what happened here not at the very least imply that there was, please activate your machinery to rectify my situation? Right. So I would point to, and this is the Hollander case, correct? Yes, ma'am. So in Hollander, the individual had filed an EEOC Form 5, a form that called itself a charge, and then had also like at the same time included an affidavit referring to a charge. So it was very clear that from the outset that that individual was seeking. But the EEOC didn't consider it a charge, did it? The EEOC can get things wrong, which is why we have the objective standard from Holloway. So what you're saying, if I understand you correctly, is saying that a good way to read Hollander is to say that sometimes we can imply that a charge was filed, if it's not in the interview notes, if it's not this. But just in this case, that implication is not justified. Correct. For example, in this case, Ms. Brooks filed an inquiry form, an online form that called her a potential charging party. It gave her a deadline to file a charge, which is very different from the EEOC Form 5. And it's a different form also than an intake questionnaire, which was at issue in Holowecki. So after Holowecki, the EEOC amended that intake questionnaire to add a box to, so to speak, so that even if you're filing an intake questionnaire, you can check off a box that says, yes, I want the agency to pursue action. And that would unequivocally convert that pre-charge filing or inquiry into a charge. That doesn't exist on the inquiry form at issue here. So I don't think the same presumptions apply. I thought what you had said earlier, in effect, that the reason that it wasn't a charge is because no charge was made with actual formal charge in writing by the EEOC made within 300 days or by anyone within 300 days. But a charge is not a formal thing, according to Holowecki. Correct. Is anything with certain basic info and reasonably construable as a request for remedial assistance? Correct. That seems to be, how is this, I keep coming back, how is this not a remedial assistance? Because we do not have a record coming from Ms. Brooks herself requesting agency action. So even if we look at the interview notes as they're transcribed, there is third circuit precedent. But two days later, her counsel did specifically request, just if there was any question, and Mr. Brisson indicated, according to Mr. Fisher, that he was going to file something, but then two, three weeks later said, oh, by the way, if you're counseled, I cannot do that. Right. So if anything, that would show that coming out of the interview process, regardless of who is responsible for filing the charge, the parties had an understanding that a charge had yet to be filed. And so the dispute here would be who was responsible and did it ever get filed. But that's the follow-up. The question is, did the person do something that's reasonably construed as a request for assistance? I can't figure out how, what happened with the inquiry form and also in mid-January isn't a request for assistance. I would just go back to the language that we have in the notes. That's all we can truly consider because we are not supposed to consider subsequent actions. So looking at what she orally presented to the EEOC and what was written down, that's what we have to review as even though the EEOC wrote it down as if she was a charging party immediately after the January 14th meeting. Yes. So, you know, it's interesting to me because it seems that something that's maybe animating your positioning, correct me if I'm wrong, right, is that this was filed on an inquiry form. And so it seems that what you're kind of saying is it's harder to imply a request for agency action when you file an inquiry form. So it's just harder to imply that. Maybe if you expressly said, and I want you to begin, you know, all the agency apparatus process on an inquiry form, the inquiry form would still constitute a request for a charge. But in essence, what I think you're saying is it's an inquiry form, the agency has two roles. And when you look and we prompt us down the counseling role, it's going to be really hard for us to imply that you want us to go down the corrective action. Is that what's animating your position? Yes, Your Honor. So the court in Holowecki looked at the form of the filing, the wording of the filing and anything that was contemporaneously with the filing, like holistically. And so in that sense, you know, it is a permissive standard. You can attach whatever the heck you want to a filing and present it and that can be used. That wasn't the case here. It was an inquiry form. I checked a to provide kind of further information and make a request for agency action, but that part of the form was left blank. And so what do you think about this notion of kind of, you know, combined charges in combination where you could give some of the information now, some of the information again, some of the information again. It seems to, I just, I don't know that there can be a black letter law that you have to do it all at the same time. You can imagine a call that lasts 15 minutes. Someone says, I've got a conflict. I'll call you back another 15 minutes later. And they say, well, gosh, you know, just so you know, it's not going to be a charge unless you, unless you start from zero on this new call. So I don't know that we can go with just a bright line rule that it has to be all the same event. But if we, so, so if it's not a bright line, right, if you think it's a bright line rule, tell me, but, but, but if it's not a bright line rule, what, what's the rule such that we can't combine an inquiry form with later commission notes? So that's it. That's like, that's an hypothetical. Well, what I would say is that the, the statutory language of the ADEA requires somebody to as a precondition to filing a lawsuit, they have to exhaust their administrative remedies by fulfilling this requirement. And so they're in charge of, you know, when it's met there, they have to be the party who can make that happen. It can't be some subsequent action that's taken. We need a definite endpoint to the statute of limitations here. And, and I will, I will concede that maybe if it was something informal, like, you know, we just got on the phone that that's one question. I don't think we reached that here because this was an inquiry form that was filed. It had opportunity to include a lot of information. I see I'm out of time, but may I finish that point? You may. Okay. Thank you. So we had an inquiry form at that one point, and then it appears we had a very extensive interview process three months later. So to say that this interview could relate back to an original filing and turn it retroactively into a charge would kind of, I want to, I don't want to be dramatic, but it could eviscerate, the statute of limitations by extending almost indefinitely the statute, the 300 days. So you've articulated a standard. Your standard is, hey, look, it can't relate, no relation back doctrine. Does that standard then mean that you can't aggregate things, that the complaint has to be self-contained? I believe it would have to be a self-contained writing. And to your point that- In writing, you can't do it oral. Yes. The writing is, you know, part of the regulatory requirements. Yes. Great. Thank you, your honors. All right. You reserve three minutes for- Thank you, your honors. Just a couple of things. Looking at Holowecki, which is kind of the paramount case here, but as well as Rupert versus PPG, if you look at the facts of both of those cases, in Holowecki, the employee at issue did not submit a signed verified charge to the EEOC until after the civil action was started in the district court. So when we're talking about exhaustion of remedies, somehow this formal charge needs to be filed. I agree that that is generally the case, but the case that we're all looking at here at Holowecki, the facts show that in fact, this employee didn't file that form five until even after the district court had started. And if we look at Rupert versus PPG, there was three employees involved in that one. They never filed that formal form five, that formal signed charge. So something happened as we keep going back to here, something happened that those employees requested the agency to take action and then let this matter move forward without that formal signed verified charge that PAC wants to point us to here. So I'm left with kind of a lingering question about your position and it's this, it's like, can you file a charge by requesting that agency file a charge? I mean, it feels like, gosh, there's something baked in about that. It's almost like, you use the word in its own definition. Can you file a charge by requesting that the agency file a charge? Which is how it typically happens, especially for all of the employees that don't have an attorney yet up until this point in time. So you reach out to the EEOC through either online or an oral interview or some sort of a writing to them saying, please help me. And that's what starts the process. And that's what actually triggers this 300, you know, starting that action within 300 days, not the formal signed verification or charge down the road. So, but we understand that like, there's kind of a weird definitional problem with that, right? Can I file the charge by requesting that the EEOC filed the charge? Yes, Your Honor. And so I guess what, I mean, you know, it like, it's just, it's, it's using the word and the definition. I guess what you would say is requesting that the agency file a charge is good enough. And this is, this is your attention to the facts and HoloWiki. Making, you can file a charge for purposes of beating the statute of limitations or the exhaustion requirement by requesting that the agency file a charge. That's the argument? Yes, Your Honor. That you're saying? And that is how, that is how it typically happens where the employee reaches out to the EEOC agency. Somehow there is this transmission of their story and it triggers the, there's the, triggers the EEOC to initiate their mechanism to right or wrong. And I see I am about out of time. So if I may just, one very last quick thing, the inquiry form filed in October, the interview that occurs in January, both are within the 300 days. So if there is a relate back, we're still within the 300 days. Thank you, Your Honors. We thank both sides for a case that was very helpfully briefed and argued. We'll take the matter under advisement and we will recess. But as we do so, we'd like to greet counsel outside bar and thank you for coming to help us.